**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CRIMINAL ACTION NO. 6:24-CR-34-REW**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**          **MEMORANDUM REGARD UNRESOLVED PIR OBJECTIONS**

**FELIX LEWIS, JR.**                                                                      **DEFENDANT**

\* \* \* \* \*

The United States submits this Memorandum to address the Defendant's unresolved objections to the Presentence Investigation Report ("PIR").

**I.     STANDARDS**

As is known to this Court, "[a]t sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B). In resolving a disputed portion of the PSR, "[t]he court may not blindly accept the PSR, but '[w]hen a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the defendant.'" *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) (citing *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007). "The government's burden is triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question' that is more than a 'bare denial.'" *Id.* (quoting *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003)).

"Sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (internal citation omitted). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

II.     **ANALYSIS**

Regarding the pending objections, the United States responds as follows:

**Relevant Conduct Objections - ¶¶ 44 & 50**

The PIR (¶ 44) properly assigns Defendant Lewis three criminal history points for his February 27, 2023, meth possession conviction in Knott Circuit Court Case No. 23-CR-00059. The Sixth Circuit has succinctly described the analysis for the division between criminal history that should be scored or deemed relevant conduct:

> U.S.S.G. § 4A1.1(a) directs a district court to determine a defendant's criminal history score by adding points for prior sentences, including "3 points for each prior sentence of imprisonment exceeding one year and one month." A "prior sentence" is "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provision of § 1B1.3 (Relevant Conduct)." *Id.* § 4A1.2 cmt. n.1. For offenses, such as the one at issue here, for which U.S.S.G. § 3D1.2(d) would require grouping of

2

> multiple counts, "Relevant Conduct" is defined as "all acts ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* § 1B1.3(a)(2).
>
> Offenses are part of a common scheme or plan if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." *Id.* § 1B1.3 cmt. n.5(B)(i). Offenses may "qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* § 1B1.3 cmt. n.5(B)(ii). Factors to consider in determining whether the offenses are part of the same course of conduct "include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* "When one of the above factors is absent, a stronger presence of at least one of the other factors is required." *Id.* [The Defendant] bears the burden of proving that his prior offense and the instant offense are part of a common scheme or plan or the same course of conduct. *See United States v. Horn*, 355 F.3d 610, 614 (6th Cir. 2004).

*United States v. Caballero-Lazo*, 788 F. App'x 1014, 1015–16 (6th Cir. 2019).

The PIR aptly describes (¶¶ 7-17) Lewis's participation in a multi-ounce meth trafficking conspiracy from January 2021 through his January 14, 2023, arrest in possession of an ounce of methamphetamine (which Lewis described as mere leftovers from a prior shipment), distribution-style plastic baggies, $909 in cash, and a pistol. That finale, and Lewis's preceding activities in furtherance of the conspiracy, are consistent with his own described role: an individual with access to multi-pound quantities and dealing in multiple ounces. *See* PIR at ¶ 17.

More than a month after Lewis's arrest in possession of a clear distribution quantity of meth, a pistol, multiple trafficking indicia, and more than a month after providing law enforcement extensive details about his prior trafficking enterprise, he was stopped while riding with an individual with no known conspiracy involvement while in possession of meth use paraphernalia and a personal-use quantity of meth.[1] He possessed no large quantities of cash, he possessed no

---

[1] The quantity threshold for a state trafficking charge is merely two grams.

3

additional baggies, he possessed no gun, and he was in a different county (Knott County versus the prior Perry County stop).

In arguing the February possession conviction should be deemed relevant conduct, Lewis primarily leans on temporal proximity to the conspiracy conduct. DE 46 at 5.[2] To be sure, there was no temporal gulf between Lewis's crimes (though there was temporal separation and significant intervening events). Yet, temporal proximity, alone, is not enough. *United States v. Collins*, 600 F. App'x 433, 438 (6th Cir. 2015) (finding state heroin possession conviction during heroin trafficking conspiracy period not relevant conduct); *United States v. Escobar*, 992 F.2d 87 (6th Cir.1993) (same for cocaine possession during cocaine trafficking conspiracy). Possession of methamphetamine for personal use is neither the same course of conduct nor part of a common scheme to traffic methamphetamine. *United States v. Sain*, No. 24-5469, 2025 WL 2092635, at *5 (6th Cir. July 25, 2025) (finding that if the defendant "did not intend to sell the meth, then his meth possession would not share a common purpose with his" trafficking offense). The only connective tissue between Lewis's conspiracy conduct and his state possession conviction is drug type; that minimal overlap is insufficient to deem them similar for relevant conduct purposes. *United States v. Hill*, 79 F.3d 1477, 1483 (6th Cir. 1996) ("When considering the similarity factor, the conduct should not be considered at a level of generality that would render worthless the relevant conduct analysis."); *id.* at 1484–85 (noting the "quantities involved . . . differ substantially," the absence

---

[2] Lewis perhaps hints at a regularity argument. *See* DE 46 at 4. However, the argument is undeveloped and as the PIR Addendum correctly notes, to stretch beyond two incidents—a circumstance the Circuit has described as one where "regularity is completely absent," *United States v. Bowens*, 938 F.3d 790, 799 (6th Cir. 2019) (cleaned up)—in which Lewis was found on the road with meth he would need to sweep in his August 2023 arrest. Yet, for that minimal bolstering of his regularity claim, he would equally sacrifice ground on temporal proximity. In any event, for the same reasons discussed below with respect to the February 2023 arrest, Lewis's August 2023 possession of personal use quantity of meth and meth use paraphernalia is wholly dissimilar to the instant offense and not relevant conduct.

of a firearm in the subsequent offense, and the absence of argument that the events shared "location, or involved the same supplier, buyer, or other participants"). At bottom, Lewis has not disputed that the meth possessed in February of 2023 was for personal use, a purpose entirely distinct from the distribution purpose and conduct of the conspiracy. That concession is enough to overrule the objection.

The same bases for overruling PIR ¶ 44 objection apply to Lewis's argument that his indicted conduct in Knott Circuit Case No. 24-CR-00006 should be deemed relevant conduct. Again, there is no dispute that his August 2023 meth possession was for personal use. Yet another third party unconnected to either prior event was present. No trafficking indicia were recovered. Moreover, the fact that Lewis persisted in behavior akin to his ¶ 44 crime (and wholly distinct from his trafficking activity) with significantly greater temporal distance from his multi-ounce meth trafficking days provides additional evidence that his February 2023 crime was no continuation of the scheme or plan of his multi-year conspiracy. After law enforcement's January 2023 interdiction in the conspiracy, Lewis was twice caught with contraband and neither occasion revealed any evidence that Defendant retained access to the quantities involved in the conspiracy or that Lewis intended to sell any of the personal-use quantities of meth he possessed. Put simply, ¶¶ 44 & 50 show that after his January trafficking confession, Lewis transitioned from dealer to user.

Accordingly, there is no basis for a departure under U.S.S.G. § 5K2.23 for the time Lewis served on his ¶ 44 conviction and § 5G1.3(c) is inapplicable to any anticipated term imposed pursuant to the ¶ 50 indictment.

5

**Downward Departure Request - ¶ 44**

Perhaps recognizing the flaw in the relevant conduct theory, Lewis alternatively seeks a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1), claiming that because the majority of his points accrued as a result of his meth possession conviction, his "criminal history category substantially overrepresents the seriousness of [his] criminal history." DE 46 at 6. However, the 3 points accrued for that February 2023 crime are properly representative of the recidivism risk reflected in the conduct that led to that score. Had Lewis complied with the terms of the probation in the sentence originally imposed, he would have received a single criminal history point. *Compare* PIR ¶ 42. Instead, when the Knott Circuit Court offered Lewis the opportunity to receive treatment for the very substance abuse issues he now claims has driven all of his criminality, *see* DE 46 at 3, he flouted the Court's order, left treatment, and violated his probation. The three points Lewis received as a result of the original offense and probation violation appropriately reflects the seriousness of that course of conduct.

### III. CONCLUSION

For these reasons, the Court should wholly overrule the pending objections and deny both departure requests.

.

    Respectfully submitted,

    PAUL C. McCAFFREY
    ACTING UNITED STATES ATTORNEY

By:   /s/ *W. Pearce Nesbitt*
    Assistant United States Attorney
    601 Meyers Baker Road, 2nd Floor
    London, Kentucky 40741
    (606) 330-4833
    william.nesbitt@usdoj.gov

## **CERTIFICATE OF SERVICE**

On September 19, 2025, I electronically filed this document through the ECF system, which will send the notice of electronic filing to counsel of record.

s/ W. Pearce Nesbitt
Assistant United States Attorney
